UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS R. MCPEEK,<br><br>Plaintiff,<br><br>vs.<br><br>AARON HAYNES, South Dakota Dept. of Corrections Medical Director, in his individual and official capacity; and ELIZABETH PAUL, Medical Provider at Mike Durfee State Prison, in her individual and official capacity,<br><br>Defendants. | **4:24-CV-04056-ECS**<br><br><br>**1915A SCREENING** |

Plaintiff, Travis R. McPeek, an inmate at the Mike Durfee State Prison (MDSP), filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1 at 1. McPeek timely paid his full civil complaint filing fee.

## I.    Factual Background

On October 12, 2023, McPeek was transported from MDSP to a medical clinic in Yankton, South Dakota, where he had surgery to remove an umbilical hernia. Doc. 1 ¶ 7. He was placed under anesthesia, and surgery was performed to remove the hernia. Id. Mesh was placed under McPeek's skin, behind his belly button. Id. The two-inch incision site was stitched and medically glued shut. Id. Following the surgery, Dr. Jesse Kampshoff prescribed McPeek fifty milligrams of Tramadol for his pain. Id. ¶ 8; Doc. 1-1 at 7.

McPeek was transported back to MDSP; upon his arrival at MDSP, he was seen by medical staff. Doc. 1 ¶ 8. He requested to receive his prescribed Tramadol because he was in a lot of pain. Id. A nurse at the MDSP asked Medical Provider Elizabeth Paul about McPeek's pain medication,

but Paul said that McPeek could not receive the medication. <u>Id.</u>  McPeek explained to Paul that she could not interfere with an outside provider's medical orders, but Paul stated that Medical Director Dr. Aaron Haynes would not allow her to give Tramadol to McPeek. <u>Id.</u>  McPeek made multiple requests for his prescribed pain medication, and a corrections officer sent him back to medical because of her concern over the amount of pain he was experiencing. <u>Id.</u> ¶ 9.  McPeek explained to a nurse that other inmates received pain medication, but she could not explain why Paul and Dr. Haynes denied him pain medication. <u>Id.</u>  Ultimately, McPeek did not receive pain medication that day. <u>Id.</u>  McPeek filed grievances about his pain in hopes of receiving pain medication, but he was not provided any pain relief. <u>Id.</u> ¶ 10.  <u>See also</u> Doc. 1-1 at 1, 3, 5.

McPeek alleges that Paul and Dr. Haynes violated his rights under the Eighth Amendment. Doc. 1 ¶ 11.  He sues Paul and Dr. Haynes in their individual and official capacities. <u>Id.</u> ¶ 6.  He requests $125,000 in compensatory damages and $125,000 in punitive damages against each defendant in their individual capacities. <u>Id.</u> ¶¶ 14–15.  He also seeks "[a] declaration that the acts and omissions described [in his complaint] violated [his] right under the Constitution and the laws of the United States" and any additional relief that this Court deems just, proper, and equitable. <u>Id.</u> ¶¶ 13, 19.

## II.    Legal Background

The court must assume as true all facts well pleaded in the complaint. <u>Est. of Rosenberg v. Crandell</u>, 56 F.3d 35, 36 (8th Cir. 1995).  Pro se and civil rights complaints must be liberally construed. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); <u>Bediako v. Stein Mart, Inc.</u>, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted).  Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." <u>Martin v. Sargent</u>,

780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); <u>see also</u> <u>Ellis v. City of Minneapolis</u>, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. <u>See</u> <u>Beavers v. Lockhart</u>, 755 F.2d 657, 663–64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations). <u>Twombly</u> requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation and footnote omitted); <u>see also</u> <u>Abdullah v. Minnesota</u>, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing <u>Twombly</u>, 550 U.S. at 554-63)).

Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now screen McPeek's complaint under 28 U.S.C. § 1915A.

### III.   Legal Analysis

McPeek alleges that Paul and Dr. Haynes were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment because they denied him his prescribed pain medication. Doc. 1 ¶¶ 7–11. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and

wanton infliction of pain' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104–05 (footnotes omitted). "This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Id. at 105. "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. Allegations of negligence will not suffice, nor will mere disagreement with treatment decisions. Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (citing Est. of Rosenberg, 56 F.3d at 37).

The deliberate indifference standard includes both an objective and subjective component. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997)). The plaintiff "must demonstrate (1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." Id. (citing Coleman, 114 F.3d at 784). "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Coleman, 114 F.3d at 784 (quoting Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995)). To be liable for deliberately disregarding medical needs, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (8th Cir. 1994).

Here, McPeek alleges that Dr. Haynes and Paul were deliberately indifferent because they did not give him pain medication prescribed by an outside doctor. Doc. 1 ¶ 11. While deliberate indifference may be established when prison medical staff intentionally interfere with a specialist's prescribed treatment or medication, Estelle, 429 U.S. at 104–05, "a prison doctor remains free to exercise his or her independent professional judgment and an inmate is not entitled to any particular course of treatment." Dulany v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997) (citing Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996)). Prison doctors "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long, 86 F.3d at 765.

The Eighth Circuit has recognized that "the knowing failure to administer prescribed medicine can itself constitute deliberate indifference." Phillips v. Jasper Cnty. Jail, 437 F.3d 791, 796 (8th Cir. 2006). "When an official denies a person treatment that has been ordered or medication that has been prescribed, constitutional liability may follow." Dadd v. Anoka Cnty., 827 F.3d 749, 757 (8th Cir. 2016). See also id. at 756 (holding that jail staff's failure to provide a pretrial detainee, who received surgery before incarceration, pain medication prescribed by an outside doctor for after surgery pain management was a "plausibly stated . . . claim for a violation of his right to receive adequate medical care on the basis of deliberate indifference").

Contrarily, the Eighth Circuit has held in some instances that disagreement over the decision to provide pain medication does not violate the Eighth Amendment. Kenyon v. Dooley, 605 F. App'x 581, 582 (8th Cir. 2015) (per curiam) (holding that although plaintiff was not provided the pain medication originally prescribed, summary judgment for defendants was proper because the pain medication combination and dosage was working to dull his pain and any delays in receiving pain medication were not attributable to any individual defendant); Floyd v. Cabrerra,

5

559 F. App'x 603, 603 (8th Cir. 2014) (per curiam) (holding that there was no Eighth Amendment violation when plaintiff was regularly seen by doctors, his pain was treated, he refused pain medication, and the surgery was not medically necessary); Steele v. Weber, 278 F. App'x 699, 700 (8th Cir. 2008) (per curiam) (affirming grant of summary judgment against plaintiff when prison staff refused to continue prescribing high-dose narcotic pain medication he was prescribed before incarceration because prison doctors believed that the pre-incarceration level of medication was harmful for plaintiff and was a mere disagreement with treatment).

While McPeek's claim may amount to mere disagreement with treatment, this Court cannot at this stage say that McPeek's Eighth Amendment claim for failure to provide pain medication in violation of his rights under the Eighth Amendment is wholly without merit. Thus, McPeek's Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Haynes and Paul in their individual capacities for money damages and their official capacities for declaratory relief survives § 1915A screening.

## IV.     Motion to Appoint Counsel

McPeek requests appointment of counsel. Doc. 1 ¶ 16. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, this Court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claim. Id. At this time, McPeek's claim does not appear to be complex, and he is able to investigate the facts and present his claim adequately. This Court believes that McPeek is capable of pursuing his claim pro se at this phase of litigation, and his motion for appointment of counsel, Doc. 1, is denied.

## V.    Motion for Receipt and Copy of Complaint

In the cover letter attached to his complaint, McPeek requests that the Clerk of Court mail to him a receipt showing the complete filing fee has been paid. Doc. 1-2. It appears from the docket sheet in McPeek's case that the receipts were sent upon the payment of his initial partial filing fee and payment of the remaining costs of the civil complaint filing fee. Thus, McPeek's motion for receipt, Doc. 1-2, is denied as moot.

McPeek requests that he be sent back a filed copy of his complaint. Doc. 1-2. The District of South Dakota's fee schedule imposes a cost of $0.50 per page for copies of any record. McPeek's complaint appears to be four pages of text and his attachments appear to be eight pages. If McPeek wishes to receive a copy of his complaint, he should file a request with the Clerk of Court to receive copies of the complaint or the complaint and the attachments as well as include the required payment for the requested copies. Thus, McPeek's motion for a copy of his complaint, Doc. 1-2, is denied.

## VI.    Notice of Rule 4(m)

Because McPeek paid his full filing fee and did not move for leave to proceed in forma pauperis, this Court is not obligated to "issue and serve all process" under 28 U.S.C. § 1915(d). McPeek must arrange for service of process on the defendants. Federal Rule of Civil Procedure 4(m) states in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

7

McPeek is on notice of this Court's intention to dismiss his claim without prejudice if he does not serve each defendant by **ninety days from the date of this Court's screening order**, pursuant to Rule 4(m), unless he can show good cause for his failure to serve the respective defendant.

Thus, it is ORDERED:

1. That McPeek's Eighth Amendment deliberate indifference to serious medical needs claim against Paul and Dr. Haynes in their individual capacities for money damages and their official capacities for declaratory relief survives § 1915A screening.

2. That McPeek's motion to appoint counsel, Doc. 1, is denied.

3. That McPeek's motion for receipt, Doc. 1-2, is denied as moot.

4. That McPeek's motion for a copy of his complaint, Doc. 1-2, is denied.

5. That the Clerk of Court shall send 2 blank summons forms to McPeek so that he may arrange for his own service of process on Defendants Paul and Dr. Haynes.

6. That McPeek is on notice of this Court's intention to dismiss his claim without prejudice if he does not serve each defendant by **ninety days from this Court's screening order**, pursuant to Rule 4(m), unless he can show good cause for his failure to serve the respective defendant.

7. That McPeek will keep the Court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the Court's Civil Local Rules while this case is pending.

DATED October 21, 2024.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE