UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS R. MCPEEK,<br><br>Plaintiff,<br><br>vs.<br><br>AARON HAYNES, South Dakota Dept. of Corrections Medical Director, in his individual and official capacity; and ELIZABETH PAUL, Medical Provider at Mike Durfee State Prison, in her individual and official capacity,<br><br>Defendants. | 4:24-CV-04056-ECS<br><br>**ORDER PROVISIONALLY GRANTING WITH COSTS PLAINTIFF'S MOTIONS FOR ASSISTANCE WITH SERVICE** |

Plaintiff, Travis R. McPeek, an inmate at the Mike Durfee State Prison (MDSP), filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. McPeek timely paid his full civil complaint filing fee. This Court screened McPeek's complaint under 28 U.S.C. § 1915A and provided him notice of this Court's intention to dismiss his complaint without prejudice under Federal Rule of Civil Procedure 4(m) if he does not execute service on Defendants by January 19, 2024. Doc. 5.

McPeek filed three motions requesting the Court to order service by the United States Marshals Service (USMS). Docs. 6, 8, 10. Because he has paid the full filing fee and is not proceeding in forma pauperis, McPeek is not automatically entitled to service by the USMS. See Fed. R. Civ. P. 4(c)(3). However, under Federal Rule of Civil Procedure 4(c)(3), "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."

While this Court is hesitant to become a process server for inmates who have the financial resources to effect service, McPeek has alleged that he has attempted to effect service through

alternative means, including seeking waiver of service, which Defendants refused. See Doc. 6 at 1; Doc. 8 at 1. Thus, McPeek's motions for service by USMS, Docs. 6, 8, and 10, are provisionally granted. This Court orders that McPeek's complaint be served by the USMS, provided that McPeek pays the cost of service in advance. Each process costs $65.00. Mileage to serve Defendants at the address provided amounts to $4.20. Thus, McPeek must provide a **cashier's check made out to the United States Marshals Service in the amount of $134.20**. McPeek's payment must be provided to the USMS Office in Sioux Falls, South Dakota, before the USMS will attempt to serve Defendants at the address provided.

Even though McPeek has been provisionally granted service by the USMS, he is still responsible for ensuring that Defendants Paul and Dr. Haynes are served in accordance with Federal Rule of Civil Procedure 4(m). Because of the pendency of McPeek's motion, the Court sua sponte extends McPeek's deadline under Rule 4(m). Thus, McPeek is on notice of this Court's intention to dismiss his claim without prejudice if he does not provide this Court with notice of service on each defendant by **Friday, March 7, 2025**, pursuant to Rule 4(m), unless he can show good cause for his failure to serve the respective Defendant.

Thus, it is ORDERED:

1. That McPeek's motions for service by USMS (Docs. 6, 8, and 10) are provisionally granted.

2. That McPeek must provide a **cashier's check made out to the United States Marshals Service in the amount of $134.20** to the USMS Office in Sioux Falls, South Dakota.

3. That upon receipt of the payment of the service fees and papers, the USMS shall serve the completed summons, copy of the complaint, and copy of the attachments on Defendants Paul and Dr. Haynes.

4. That McPeek is on notice of this Court's intention to dismiss his claim without prejudice if he does not provide this Court with notice of service on each defendant by **Friday, March 7, 2025**, pursuant to Rule 4(m), unless he can show good cause for his failure to serve the respective Defendant.

DATED January 3, 2025.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

3