UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS R. MCPEEK,<br><br>Plaintiff,<br><br>vs.<br><br>AARON HAYNES, South Dakota Dept. of Corrections Medical Director, in his individual and official capacity; and ELIZABETH PAUL, Medical Provider at Mike Durfee State Prison, in her individual and official capacity,<br><br>Defendants. | 4:24-CV-04056-ECS<br><br>ORDER DENYING MOTION TO DISMISS DEFENDANT PAUL, EXTENDING PLAINTIFF'S TIME TO SERVE DEFENDANT PAUL, AND GRANTING PLAINTIFF'S RENEWED MOTION FOR ASSISTANCE WITH SERVING DEFENDANT PAUL |

Plaintiff, Travis R. McPeek, an inmate at Mike Durfee State Prison (MDSP), filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. McPeek timely paid the full civil complaint filing fee. McPeek alleges that Dr. Aaron Haynes, the Medical Director of the South Dakota Department of Corrections (DOC), and Elizabeth Paul, a medical provider at MDSP, violated his Eighth Amendment rights by refusing to provide pain medication an outside surgeon had prescribed following surgery to remove an umbilical hernia. Id. McPeek's claims survived screening under 28 U.S.C. § 1915A, and the Court notified McPeek of its intention to dismiss his complaint without prejudice under Federal Rule of Civil Procedure 4(m) if he did not execute service on Defendants by January 19, 2024. Doc. 5.

**Procedural Background**

McPeek filed three motions requesting the Court to order service by the United States Marshals Service (USMS). Docs. 6, 8, 10. This Court granted McPeek's motions for service by the USMS and required McPeek to pay the costs of service in advance. Doc. 11. After McPeek

paid the costs of service, the USMS served defendant Haynes. Doc. 14. But the summons for defendant Paul was returned unexecuted because defendant Paul does not work at the address McPeek provided in the Form USM-285. Doc. 15. McPeek provided the same address for Haynes and Paul: 3200 East Highway 24, c/o 500 East Capitol Avenue, Pierre, SD, 57501-5070. Doc. 12 at 1, 4. After Haynes was served, he moved to dismiss the action against Paul pursuant to Rule 4(m) or, in the alternative, to stay his time to answer until Paul is served.[1] Doc. 17. McPeek moves for an extension of time to serve Paul, assistance in serving Paul at MDSP, and an order holding Defendants "in contempt of Rule 4 in that all unnecessary expenses of service be paid by defendant(s)[.]" Doc. 18. The Court now considers these motions.

## Legal Analysis

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P 4(m). When the Court granted McPeek's motions for service by the USMS, the Court sua sponte extended McPeek's deadline to serve defendants until March 7, 2025. Doc. 11 at 2. Haynes contends that McPeek must demonstrate excusable neglect to extend his time to serve Paul because he did not move to extend the March 7, 2025 deadline until after it had expired. Doc. 20 at 5. McPeek's motion to extend his time for serving Paul was deposited in the prison legal mail system on March 17, 2025, ten days after the deadline for serving Paul had expired. Doc. 11 at 2; Doc. 18 at 4. But the record demonstrates that McPeek was not even aware that the summons

---

[1] Dr. Haynes answered McPeek's complaint on March 24, 2025. Doc. 19. Thus, his alternative request for an extension of time to answer is denied as moot.

2

for Paul had been returned unexecuted until after his deadline for serving Paul had expired. The unexecuted summons was filed on March 14, 2025, Doc. 15, and McPeek signed for the copy the USMS mailed to him on March 14, 2025, Doc. 18-1 at 3. Three days later, McPeek mailed his motion to extend the deadline to serve Paul. Doc. 18.

Since the Court screened McPeek's complaint under 28 US.C. § 1915A, McPeek has diligently worked to serve Defendants. That Paul has not yet been served is due, at least in part, to limitations posed by McPeek's conditions of confinement. After the Court granted McPeek's motions for service by the USMS, McPeek promptly mailed a cashier's check to the USMS and then followed up with the Clerk of Court to ensure that he timely served Defendants. Doc. 13. The USMS received the completed summonses and USM-285 Forms on February 11, 2025, but the USMS did not attempt service until more than three weeks later, on March 5, 2025. Docs. 14, 15.

According to McPeek, DOC policy 1500-03 permits service to be completed on a DOC employee at any DOC institution and the summons and complaint will immediately be emailed to a distribution group that includes the Office of the Attorney General and the Office of Risk Management. Doc. 18 at 2. While the DOC interprets the policy differently than McPeek, in this specific case because McPeek sues only the Medical Director for the DOC and Paul, who works as a provider for the DOC at MDSP, it was not unreasonable for McPeek to believe that a designee at the DOC in Pierre, where Haynes works, would accept service behalf of Paul. In his opposition to McPeek's motion to extend, Haynes argues that it is not practical to permit service of process on any DOC employee to be completed at any DOC facility because "a warden or designee . . . may not even know the name of a DOC employee working in another facility, in another city, hundreds of miles apart." Doc. 20 at 3. In this case, however, Haynes, the Medical Director for

the DOC, does not argue that he does not know the name of medical providers, whom the Court presumes he supervises, working at various DOC facilities. Further, in his answer, Haynes admitted that Paul is employed by the DOC. Doc. 19 ¶ 5. After Hayes was served, an assistant attorney general entered an appearance on his behalf and moved for an extension of time to answer until after Paul had been served for the sake of judicial economy and to avoid Haynes and Paul from having to serve and file duplicative answers to McPeek's complaint. Doc. 17 at 2. Finally, Haynes was personally served at the DOC Administration Office. Doc. 14 at 2. Neither the Warden of South Dakota Women's Prison and Pierre Minimum Center, the two DOC institutions located in Pierre, nor his designee, accepted service on behalf of Haynes. But, even if the Warden or his designee had accepted service on behalf of Haynes, SDCL § 24-1-12, which provides for service of process within correctional facilities, discusses "precincts of a state correctional facility." As Haynes concedes in his opposition to McPeek's motion to extend, SDCL Chapter 24-1 does not define "precinct." Doc. 20 at 3. DOC Policy 1500-03 does not reference SDCL 24-1-12, define "precinct" or specifically state that the Warden or the Warden's designee are not permitted to accept service of process on behalf of current DOC employees working at other institutions or units. See Docs. 20-1, 20-2. For these reasons, the Court finds that there is excusable neglect and good cause to extend McPeek's deadline for serving Paul.[2] McPeek's

---

[2] A dismissal under Rule 4(m) is without prejudice. Fed. R. Civ. P 4(m). McPeek's claims against Haynes and Paul arise of the alleged failure to provide pain medication on October 12, 2023. Doc. 1 ¶ 7. Thus, even if the Court granted Haynes's motion to dismiss the claims against Paul under Rule 4(m), McPeek could commence a separate lawsuit against Paul arising out of the alleged failure to provide him pain medication. Prosecution of separate lawsuits against two defendants whom are both allegedly responsible for the denial of the same pain medication is contrary to directive that the Federal Rules of Civil Procedure be "construed, administered, and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

motion to extend, Doc. 18, is granted, and Haynes' motion to dismiss McPeek's claims against Paul under Rule 4(m), Doc. 17, is denied. McPeek must serve Paul no later than **June 19, 2025**.

According to Haynes' opposition to McPeek's motion to extend and motion for assistance with service, "[t]he State has no legal obligation to assist with service." Doc. 20 at 5. This Court agrees that the DOC and its current employees have no legal obligation to assist with service, but Haynes, Paul, other current employees of the DOC, as well as the DOC, have "a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). Rule 4(d) does not authorize the Court to issue a contempt order or direct the DOC or the Office of the Attorney General to accept service on behalf of Paul, as McPeek requests. See Doc. 22 at 3. But Rule 4(d)(2) does permit the Court to impose on a defendant expenses incurred in making service if a defendant fails, without good cause, to sign and return a waiver of the service of summons. Fed. R. Civ. P. 4(d)(2). McPeek alleges that he has requested that Defendants waive service, see Doc. 6 at 1; Doc. 8 at 1, but the record is not sufficient to permit the Court to determine whether McPeek has complied with Rule 4(d)(1)(A)-(F). Thus, to the extent McPeek requests that the Court require Defendants to pay the expenses of service, Doc. 18, his request is denied. However, the Court finds that there is good cause for granting McPeek's renewed request for service by the USMS, Doc. 18, and McPeek is not required to pay the cost of service in advance. See Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal[.]").

Thus, it is ORDERED:

1. That McPeek's motion to extend the time for serving Paul, Doc. 18, is granted. McPeek must serve Paul no later than **June 19, 2025**. This Court intends to dismiss McPeek's claim against Paul without prejudice if she is not served on or before

    June 19, 2025, pursuant to Rule 4(m), unless he can demonstrate good cause for his failure to serve Paul.

2. That Haynes' motion to dismiss, Doc. 17, is denied, and Haynes' alternative motion to extend, Doc. 17, is denied as moot.

3. That McPeek's motion to hold Defendant Paul in contempt and motion to require Defendants to pay the cost of service, Doc. 18, is denied.

4. That McPeek's renewed motion for assistance in serving Defendant Paul at MDSP, Doc. 18, is granted.

5. That the Clerk of Court shall send a blank summons form and Form USM-285 to McPeek so that he may complete the forms to cause the complaint to be served upon Defendant Paul at MDSP.

6. That McPeek shall complete and return to the Clerk of Court the summons and USM-285 form for Defendant Paul. Upon receipt of the completed summons and USM-285 form, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint against Paul may be dismissed.

7. That the USMS shall serve the completed summons, along with a copy of the complaint, Doc. 1, this Court's screening order, Doc. 5, and this order upon Defendant Paul.

8. That Defendant Paul will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service.

DATED May 7, 2025.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE
